# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-1553V
### Filed: February 22, 2022
UNPUBLISHED

|  |  |
|---|---|
| JONATHAN PATTON,<br><br>                      Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                      Respondent. | Special Master Horner<br><br><br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Brachial<br>Neuritis |

*Michael Andrew London, Douglas & London, P.C., New York, NY, for petitioner.*
*Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On December 21, 2015, Sherri Harrod, filed a petition, as mother and natural guardian of minor-petitioner Jonathan Patton, for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that her son suffered Parsonage-Turner syndrome, or brachial neuritis. (ECF No. 1, p. 2.) Upon reaching the age of majority Mr. Patton was substituted as petitioner. (ECF Nos. 9, 10.) On June 19, 2017, petitioner filed an Amended Petition alleging that he also experienced radiculomyelitis as a result of the same vaccination. (ECF 34, p. 5.)

On May 17, 2021, a decision was issued dismissing the petition. (ECF No. 83.) Thereafter the Court of Federal Claims granted petitioner's motion for review of that decision, vacated the May 17, 2021 decision, and remanded the case for further proceedings. (ECF No. 92.) On December 3, 2021, a ruling on entitlement was issued on remand finding, based on the instructions of the Court of Federal Claims, that petitioner is entitled to compensation for his brachial neuritis. (ECF No. 94.) On

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

February 22, 2022, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $75,000.00.  (ECF No. 99.)  In the Proffer, respondent represented that petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, I find that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $75,000.00 in the form of a check payable to petitioner.** This amount represents compensation for all damages that would be available under § 15(a) of the Vaccine Act.

Absent a timely motion for review, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Daniel T. Horner**</u>
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____
                                                    )
JONATHAN PATTON,                                    )
                                                    )
                    Petitioner,                     )
                                                    )          **No. 15-1553V**
v.                                                  )          **Special Master Horner**
                                                    )          **ECF**
SECRETARY OF HEALTH AND                             )
HUMAN SERVICES,                                     )
                                                    )
                    Respondent.                     )
_____)

## PROFFER ON AWARD OF COMPENSATION

On December 21, 2015, Jonathan Patton's ("petitioner's") mother filed a petition on his

behalf under the National Childhood Vaccine Injury Act, as amended, 42 U.S.C. §§ 300aa-10 to

-34 ("Vaccine Act" or "Act"), alleging that he received a flu vaccination on January 11, 2013,

and subsequently developed Parsonage Turner Syndrome. Pet. at 1-2. ECF No. 1. After

reaching the age of majority, petitioner was substituted as petitioner. ECF Nos. 9, 10. On June

19, 2017, petitioner filed an Amended Petition alleging that the flu vaccine he received on

January 11, 2013, caused him to suffer from radiculomyelitis. Am. Pet. at 5. ECF No. 34.

Following an entitlement hearing on October 27, 2020, the Special Master issued a

Decision on May 17, 2021, dismissing the petition. ECF No. 83. Petitioner filed a Motion for

Review, and on November 22, 2021, Senior Judge Mary Ellen Coster Williams vacated the

Special Master's Decision, and remanded the case for further proceedings. ECF No. 92.

On December 3, 2021, the Special Master issued a Ruling on Entitlement finding that

petitioner has demonstrated preponderant evidence of entitlement to compensation under the

Vaccine Act, and that petitioner is therefore entitled to compensation in this case.[1] ECF No. 94.

## I.    Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded $75,000.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[2] Petitioner agrees.

## II.    Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $75,000.00, in the form of a check payable to petitioner. Petitioner agrees.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's December 3, 2021 entitlement decision.

[2] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

/s/ Claudia B. Gangi
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.: (202) 616-4138
Email: claudia.gangi@usdoj.gov

Dated: February 22, 2022